UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXCLUSIVELY CATS VETERINARY
HOSPITAL, a Michigan corporation,
individually and as the representative
of a class of similarly-situated persons,

    Plaintiff,

vs.                                                                                              Case No. 12-15429

FLORIDA INFUSION SERVICES, INC.,                                    HON. AVERN COHN
and JOHN DOES 1-10,

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## (Doc. 13)[1]

### I. Introduction

This is a case under the Telephone Consumer Protection Act as amended by the Junk Fax Prevention Act of 2005 (the TCPA), 47 U.S.C. § 227 et seq. Plaintiff is suing defendant making a claim under the TCPA based on a single unsolicited fax defendant sent to plaintiff on May 21, 2012 which plaintiff alleges does not comply with the TCPA. Plaintiff is suing on behalf of itself and all others similarly situated.[2]

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain prior express permission or invitation to send those

Before the Court is defendant's motion to dismiss on the grounds that venue is not proper and for failure to state a claim. For the reasons that follow, the motion will be denied.

## II. Background

### A. General

A recent published opinion by the Court of Appeals for the Seventh Circuit sets forth the rather extensive factual backdrop to these actions, of which there are several pending in this district, including some background on plaintiff's counsel:

> "Anderson + Wanca and Bock & Hatch are two Chicago area law firms that specialize in representing plaintiffs in class action lawsuits under the Telephone Consumer Protection Act as amended by the Junk Fax Prevention Act of 2005" (the "TCPA"). Id. at 491. The TCPA authorizes $500.00 in statutory damages for faxing an unsolicited advertisement, and each transmission is a separate violation. And the award triples upon a showing of willfulness. Id. (citing 47 U.S.C. § 227(b)(1)(C) and (b)(3)). "Because plaintiffs may enforce the statute via class action and because a single advertisement is often faxed to hundreds—if not thousands—of phone numbers, suits under the Act present lucrative opportunities for plaintiffs' firms."

Reliable Money Order, Inc. v. McKnight Sales Co., 704 F.3d 489 (7th Cir. Jan.9, 2013).

### B. This Case

On or about May 21, 2012, defendant sent what plaintiff alleges was an unsolicited fax to plaintiff. A copy of the fax, which is not completely legible, is attached as Exhibit A to the complaint. Plaintiff says this fax violated the TCPA.

---

      faxes, (4) with whom Defendant did not have an established business relationship, and (5) which did not display a proper opt out notice.

Plaintiff has also moved for class certification and requested a status conference. (Doc. 2). The matter of class certification and discovery will be addressed at the upcoming status conference.

### III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

## IV. Analysis

### A. Forum Selection Clause

Defendant first argues that the complaint must be dismissed because under Fed. R. Civ. P. 12(b)(3) for improper venue based on a forum selection clause.[3] "The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue." Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir.2002). "[V]enue provisions have long been subject to contractual waiver through a valid forum selection agreement." United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enters., Inc., 62 F.3d 35, 36 (1st Cir.1995).

However, where a valid forum selection clause exists, the burden shifts to the

---

[3]Defendant spends a good deal of time explaining that there is a circuit split on the proper form of analysis when a party moves to dismiss for improper venue based on a forum selection clause. Following the Supreme Court's decision in M / S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the majority of federal circuit courts hold that a valid forum selection clause renders venue "improper" in a forum other than the one designated by contract. In those circuits, forum-selection clauses are routinely enforced through motions to dismiss or transfer venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406. The Third, Fifth, and Sixth Circuits, apparently view the motion under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1404(a) (forum non conveniens). Defendant also notes that the Supreme Court has granted certiorari to address this split in Atlantic Marine Constr. Co. v. United States District Court for the Western District of Texas, No. 12-929. The questions presented in Atlantic Marine are as follows:
 1. Did the Court's decision in Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988), change the standard for enforcement of clauses that designate an alternative federal forum, limiting review of such clauses to a discretionary, balancing-of-conveniences analysis
under 28 U.S.C. § 1404(a)?
 2. If so, how should district courts allocate the burdens of proof among parties seeking to enforce or to avoid a forum-selection clause?
Regardless of what is found to be the proper analytical framework, defendant's argument fails because, as explained above, the forum selection clause does not apply.

4

plaintiff to demonstrate why he should not be bound to the contractual provision. See Superior Care Pharm. Inc. v. Medicine Shoppe Int'l, Inc., No. 2:10–cv–207, 2011 WL 597065, at *4 (S.D. Ohio Feb.10, 2011).

> A forum selection clause should be upheld absent a strong showing that it should be set aside. The party opposing the application of the clause bears the burden of showing that it should be set aside. "When evaluating the enforceability of a forum selection clause, [the Sixth Circuit] looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced.

Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir.2009) (citations omitted).

Here, the forum selection clause appears in a Credit Application that plaintiff appears to have completed in 2001.[4] Contained in part of the "terms and conditions" portion, it states:

> Applicant further agrees that if litigation is instituted with regard to the interpretation of this agreement, the invoices, terms of sale, delivery or disputes related to the goods sold or payments owing, then venue shall be Pinellas County, Florida and the Florida courts shall have jurisdiction over any dispute related to unpaid balances owed by Applicant. The laws of the State of Florida shall apply.

Defendant's reliance on the forum selection clause is misplaced. By its terms, it applies to disputes (1) involving interpretation of the agreement, (2) the invoices, (3) terms of sale, (4) delivery or disputes related to good sold or payment owing, or (5) unpaid balances. Plaintiff's claim under the TCPA has nothing to do with any of these disputes. In other words, a dispute over sending an allegedly unsolicited fax is not

---

[4]The Credit Application, attached as Exhibit 1 to defendant's motion, is barely legible.

5

covered the forum selection clause, putting aside that the forum selection clause is from a document that is over a decade old. Thus, this argument in support of dismissal fails.

### B. Established Business Relationship

Defendant next argues that the complaint must be dismissed because the parties have an established business relationship. In support, defendant has attached to its motion several invoices and other correspondence between the parties which show that plaintiff and defendant did do business, i.e. plaintiff placed orders with defendant. All of the documents, however, are dated 2004 or earlier.

As noted above, the TCPA makes the sending of unsolicited fax advertisements unlawful. However, if the facsimile recipient has an "established business relationship" with the sender, the facsimile is not considered unsolicited. See Missouri ex rel. Nixon v. Am. Blast Fax, Inc., 323 F.3d 649, 657 (8th Cir.2003) ("Am. Blast Fax II") (noting that under the FCC's regulations that have been in place since 1992, "The FCC has interpreted the TCPA not to prohibit the sending of unsolicited commercial faxes to a recipient with whom a sender has an established business relationship.") (citing Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C.R. 8752, 8779 n. 87 (Oct. 16 1992)); 47 U.S.C. § 227(b)(1)(C)(I) (2005), as amended (effective July 9, 2005)(codifying within the TCPA itself the FCC rule as to established business relationships).

An established business relationship is defined as

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(5) (2006); 47 U.S.C. § 227(a)(2) (2005). 47 C.F.R. § 64.1200(f)(5).

Regardless of whether the invoices and other documents are properly considered on a motion to dismiss, these documents do not lead to the conclusion that the parties have an established business relationship as a matter of law. The last transaction between the parties appears to have been in 2004. Plaintiff also points out that the question of whether the parties have an established business relationship requires a factual analysis which is not available at this stage in the case. At this point, with the record as it stands, the Court is not inclined to find that the parties have an established business relationship. The complaint is not subject to dismissal on this ground.

Plaintiff also says that the complaint should not be dismissed even if the parties have an established business relationship because the TCPA requires that a fax from a party with whom the sender has an established business relationship (i.e. a "solicited" fax) must still contain a proper opt-out notice. Plaintiff goes on to argue that because the opt-out notice on the fax at issue is not proper, it still has a viable claim under the TCPA.

Putting aside that there is conflicting authority from other jurisdictions on whether solicited faxes must contain an opt-out notice as required by the TCPA, it is not necessary to consider this argument. First, plaintiff's complaint is not based on a solicited fax or a fax from whom plaintiff has an existing business relationship. Plaintiff's complaint, and proposed class, is directed at unsolicited faxes and faxes directed at a party that does not have an established business relationship with defendant. If at a

later point in the case, the Court finds that the parties have an established business relationship, and the Court also finds that a fax sent to a party in an established business relationship must still contain an opt-out notice, then the Court will have to consider whether plaintiff should be permitted to amend its complaint (and proposed class) under the TCPA.

### C.  Opt-Out Notice

Defendant also argue that the complaint must be dismissed because the fax at issue contains a proper opt-out notice.  The opt-out language, as best as can be discerned from the copy of the fax that is in the record, states as follows:

> If you do not wish to receive fax communications from us in the future please contact us at our toll free number or by return fax

Plaintiff alleges that defendant's fax failed to satisfy 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(3)(iii), which set forth the specific items that an opt-out notice must contain.  An opt-out notice must–

(1) be clear and conspicuous and on the first page of the advertisement;

(2) state that the recipient may make a request to the sender not to send any future unsolicited advertisements and that failure to comply within 30 days is unlawful;

(3) set forth the requirements for a request under 47 U.S.C. § 227(b)(2)(E)[5]

(4) include a domestic contact telephone and facsimile number for the recipient, and a cost-free mechanism for a recipient to transmit a request;

(5) permit the recipient to make such a request at any time on any day of the week

Plaintiff says that defendant's fax, which it says is in 1 point font, is not clear and conspicuous, is not separate from other disclosures and lacks a statement that

---

[5]This section provides that an opt-out request under the TCPA must (1) identify the telephone number or numbers of the telephone facsimile machine or machines to which the request relates; and (2) the request is made to the telephone or facsimile number of the sender; and (3) the person making te request has not "subsequent to such request" provided express invitation or permission to the sender.

response to an opt-out request must be made within 30 days. At this point in the case, and based on the copy of the fax which is in the record, the Court cannot say that the opt-out notice complies with 47 C.F.R. § 64.1200(a)(3)(iii)'s requirements. In other words, defendant cannot prevail on its argument that the opt-out notice complies with the statutory requirements.

### D.  Standing

Finally, defendant contend that the complaint should be dismissed because plaintiff lacks standing. This argument is based on defendant's position that the parties have an established business relationship and therefore plaintiff has not viable claim against defendants. As discussed above, it cannot be said whether the parties have an established business relationship. Moreover, if it is determined that they do, then plaintiff may have to reformulate its complaint regarding solicited and unsolicited faxes. The Court would also then have to determine whether the TCPA prohibits sending faxes to a party with whom the sender has an established business relationship.

### V.  Conclusion

For the reasons stated above, defendant's motion to dismiss is DENIED.

SO ORDERED.

    S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 28, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160